[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from a judgment rendered in a bench trial in the Dayton Municipal Court, involving apartment leasing. From a complex narrative decision and judgment the Plaintiff, lessor, appeals, identifying "Issues of Law" which we interpret to be assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE LOWER COURT ERRED IN ITS ACCEPTANCE AND TREATMENT OF A `LETTER' AS AN ANSWER AND PLEADING IN THAT SAID RESPONSE FAILS TO COMPLY WITH OHIO CIVIL RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR NO. 2
 THE LOWER COURT ERRED IN ITS APPLICATION OF THE COMMON LAW PRINCIPAL [sic] NOVATION.
 ASSIGNMENT OF ERROR NO. 3
 THE LOWER COURT ERRED IN ITS INCLUSION OF DEFENDANT KRISTEN STATT IN ITS DECISION IN THAT THIS DEFENDANT FAILED TO APPEAR AT TRIAL AS REQUIRED.
 ASSIGNMENT OF ERROR NO. 4
 THE LOWER COURT ERRED IN ITS OVERALL DECISION, AWARD, AND ANALYSIS OF THE FACTS, EVIDENCE, AND LAW AS PRESENTED.
 I.
This action was filed by the rental company upon "the account or contract" for rental services in an amount of $886. The complaint also states that the tenants, appellees herein, "left said property in a damaged condition beyond that of normal wear and tear." Attached to the complaint was a form lease executed by the appellees.
The appellees appeared pro se during the municipal court proceedings. Their response to the complaint is a letter signed by both, setting forth a narrative answer to the complaint. The letter identifies appellees, and states their address. It was served upon the appellant, and a copy filed with the clerk.
We find that the letter substantially complies with the requirement of Civ.R. 5 and 11. The parties went to trial on the issues raised and appellant can demonstrate no substantial prejudice by any deviation from compliance with the Civil Rules of Procedure.
Appellant's first assignment of error is overruled.
 II.
On April 24, 1996, appellant entered into a written apartment lease which began August 23, 1996, and was to terminate on August 15, 1997. The avowed purpose of the tenancy was to assure student housing for appellees during the academic school year.
Prior to the commencement of occupancy, appellees prepared an "inspection report for Apartment #337B." Appellees also became aware at that time that they would be unable to continue tenancy after 1996 because Todd Statt has secured employment in Cincinnati. Statt testified, and the court believed, that he held conversations with the manager of the Firwood Apartments in an attempt to shorten the lease.
Appellees occupied the premises and paid rent for the months of August through November, 1996. Before paying the $310 December, 1996, rent they received a letter from the manager offering a "short term" monthly rental amount of $344, i.e. $34 more per month than the 12 month lease. To secure the short term lease the manager informed appellees that they must pay $456.20, which was paid. (The $456.20 included an extra $10.20 for August, 1996, rent and an extra $34 monthly amount for September, October, November and December, 1996.)
Appellees gave notice on December 13, 1996, of intent to vacate at the end of December, 1996, and so did.
The conflict is between the appellees' claim that the payment of the $456.20, and acceptance by appellant, changed the written lease and allowed them to vacate as they did at the end of the year, and appellant's claim that the new arrangement did not change the tenure terms of the original lease, and that appellees owe rent for the period until April 3, 1997, (when the property was rented) plus damages. The total damages claimed by appellant are $1,196, less the security deposit of $310, or $886.
The trial court found $145 damages for cleaning costs beyond ordinary wear and tear in favor of appellant.
As to the claim for rental at the enhanced figure of $344 per month, the court found that there was a new agreement, the implicit terms of which were that in return for the increase in rental per month (including the prior period) the term of tenancy was reduced. The court found nothing due appellants for the months of January through April, 1997, and a set off due appellees of $310 (the security deposit) against the damage award ($145).
The trial court, observing that the appellant "cannot have its cake and eat it too," concluded that the letter from the manager constituted a "novation," which, when conformed by appellees, constituted a new agreement.
 II.
The hand-written October 30, 1996, letter from the manager recited, inter alia:
 We will offer your apartment for rent as of January 1, 1997. As we explained you will be responsible for the difference in rent between short-term and long term lease. (Then follows a month by month recitation of the "short term" rent [$344 per month] for the period August-December, 1996, and the "12 mo. Lease — yours" for the same period at $310 per month.)
 You need to pay this difference, but you will still be responsible for all rent until the apartment is rented * * *.
Exhibit B.
Appellant argues that the language of the letter makes clear that appellees were still responsible for the rent until the apartment was re-rented, and that no novation can take place absent meeting of the minds on the issue of default rent.
The trial court, having the issues of credibility before it, concluded that the "short term" lease was a new agreement between the parties, and, in effect, concluded that holding the appellees to liability for the longer, original lease, while requiring a higher past and future rental would be to increase the rent unilaterally and without consideration. The consideration for the increased past and present rental was the shorter term of the rental.
The trial court's findings and judgment in this regard are neither against the manifest weight of the evidence nor contrary to law.
Appellant's second Assignment of Error is overruled.
 III.
The nonappearance of the appellee's wife at the hearing is not cognizable as error. Further there is no demonstration of any prejudice to appellant as a consequence.
Appellant's Third Assignment of Error is overruled.
 IV.
For the reasons stated above, the appellant's fourth Assignment of Error is overruled. The judgment of the trial court is Affirmed.
GRADY, P.J. and GREY, J., concur.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. Lawrence Grey, Retired from the Court of Appeals, Fourth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio
Copies mailed to:
Steven Katchman
Kristen and Todd Statt
Hon. Daniel Gehres